FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 2 0 2017

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CITY TELE COIN COMPANY, INC.                                    PLAINTIFF

VS.                     CASE NO. 4:17cv172-JLH

KEYSTONE DATA TECHNOLOGIES, LLC                                 DEFENDANT

## COMPLAINT

The plaintiff, City Tele Coin Company, Inc., respectfully comes before this Court, by and through its attorney, Martin W. Bowen, and for its Complaint against the defendant, Keystone Data Technologies, LLC, alleges and states as follows:

### STATEMENT OF JURISDICTION AND VENUE

1.  The plaintiff is a corporation created and existing under the laws of the State of Louisiana and has its principal place of business in the State of Louisiana.

2.  The defendant is a limited liability company created under the laws of the State of Arkansas and has its principal place of business in the State of Arkansas.

3.  Based on information and reasonable belief, the defendant's members are citizens of the State of Arkansas and not citizens of the State of Louisiana.

4.  This is a suit for tortious interference with contractual relations and conversion arising from actions committed by the defendant in the State of Arkansas.

5.  The plaintiff seeks compensatory and punitive damages from the defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.  This Court has diversity jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. § 1332, personal jurisdiction over the defendant pursuant to Ark. Code Ann. § 16-4-101, and venue over this action pursuant to 28 U.S.C. § 1391.

This case assigned to District Judge Holmes
and to Magistrate Judge Volpe

## STATEMENT OF FACTS PRESENTED

7. The plaintiff is engaged in the business of providing inmate and pay telephone services to correctional facilities throughout the United States.

8. The Sheriff's Department of Independence County, Arkansas, maintains a jail for county inmates.

9. In maintaining the county jail, the Independence County Sheriff's Department contracts for the provision pay telephone services to county inmates.

10. On June 24, 2011, the Independence County Judge, Robert T. Griffin, and the Independence County Sheriff, Steve Jeffery, signed a Correctional Communications Services Agreement (the "Agreement") with the plaintiff for the provision of inmate and pay telephone services on behalf of the Independence County Sheriff's Department. A copy of said Agreement is attached as Exhibit A.

11. Section A of the Agreement makes the plaintiff the exclusive provider of inmate and pay telephone services for Independence County during the time the Agreement is in force and effect.

12. In exchange for this exclusive right, the Agreement requires the plaintiff to remit commissions made from the provision of such services to Independence County at rates described in Section B of the agreement.

13. The term of the Agreement is defined in Section C and states that the initial term of the agreement begins January 1, 2012, with the initial period completed at 60 months, i.e. December 31, 2016.

14. Section C states that both parties have the right to renew or refuse the Agreement by giving certified notice to the other mailed 60 days prior to the termination date.

15. Moreover, Section C states that "[t]his initial contract shall continue in force and renew automatically for additional Twelve (12) Month periods should no action be taken by either party."

16. Neither the County Judge, County Sheriff, nor anyone else on behalf of Independence County gave certified notice to the plaintiff mailed 60 days prior to the termination date, December 31, 2016.

17. As a result, the Agreement renewed for at least one more year starting January 1, 2017.

18. Several days prior to December 31, 2016, the plaintiff learned that the Independence County Sheriff's Department was terminating the Agreement despite the fact that the Agreement had renewed.

19. The plaintiff contacted the County Judge, who explained that Independence County was not bound by the Agreement because a new sheriff had been elected and was singing a contract with the defendant.

20. The County Judge said there was a law saying that new sheriffs are not bound by prior agreements and that the County was free to contract whomever it wanted.

21. Contrary to what the County Judge said, there is no law in Arkansas stating that new sheriffs are not bound by prior agreements.

### COUNT ONE: INTERFERENCE WITH CONTRACTUAL RELATIONS AND BUSINESS EXPECTANCIES

22. Based on information and reasonable belief, the defendant had knowledge of the Agreement and that Independence County was bound by it for at least one more year beginning January 1, 2017, but induced the County to wrongfully terminate its Agreement with the plaintiff by advancing the reason expressed by the County Judge.

23. By inducing Independence County to wrongfully terminate its Agreement with the plaintiff in this manner, the defendant intentionally and improperly interfered with the contractual relations and business expectancies between the plaintiff and Independence County, including the Independence County Sheriff's Department.

24. The plaintiff has suffered damages as a direct and proximate result of the defendant's intentional and improper interference with its contractual relations and business expectancies.

25. The defendant's conduct was intentional and malicious and designed to harm to the plaintiff and warrants the imposition of punitive damages.

## COUNT TWO: CONVERSION

26. The plaintiff used various pieces of equipment at the Independence County Jail in order to provide telephone services under the Agreement.

27. Said equipment was owned by the plaintiff.

28. After the plaintiff was told that the Agreement was no longer in effect, it sent employees to the Independence County Jail to retrieve its equipment.

29. The plaintiff recovered all of its equipment except two pieces, an APC 350 battery backup and a 12-switch toggle box.

30. Based on information and reasonable belief, the defendant has taken possession of the plaintiff's equipment and has not given it back.

31. The plaintiff has suffered damages as a direct and proximate result of the defendant's conversion.

32. The defendant's conduct was intentional and malicious and designed to harm to the plaintiff and warrants the imposition of punitive damages.

## JURY DEMAND

33.     The plaintiff demands a jury trial with respect to all issues of fact that may arise herein.

WHEREFORE, the plaintiff, City Tele Coin Company, Inc., demands judgment against the defendant Keystone Data Technologies, LLC, for compensatory damages and punitive damages in an amount greater than $75,000.00, exclusive of interest and costs, for its costs herein expended, including reasonable attorney's fees, and all other relief to which it may be entitled.

Respectfully submitted,

CITY TELE COIN COMPANY, INC., Plaintiff

BOWEN LAW FIRM, PLLC
121 North Spring Street
Searcy, AR  72143
501-268-1800 (phone)
501-368-0707 (fax)
bowen@bowenlaw.us

By: _____
Martin W. Bowen (AR 90095)

*CITY TELE COIN COMPANY, INC.*
*4501 Marlena Street * Bossier City, LA * 71111*
*800.682.0707 * citytelecoin.com*

## CORRECTIONAL COMMUNICATIONS SERVICES AGREEMENT

This Correctional Communications Services Agreement made on the __16th__ of __June__, 20__11__,

**BETWEEN:**

**City Tele Coin Company, Inc.** (hereinafter referred to as "CTC")

**AND**

**Independence County Sheriff's Department** (hereinafter referred to as "INDEPENDENCE")

**WHEREAS, INDEPENDENCE** has requested **CTC** to perform the services hereinafter described and **CTC** has agreed to perform such services, subject to the terms and conditions hereinafter set out:

**NOW IN CONSIDERATION** of the payment of fees provided hereinafter and other terms and conditions hereinafter set out, **INDEPENDENCE** and **CTC** hereby agree:

### A. THE WORK

**INDEPENDENCE** agrees that it is the manager of the Independence County Detention Center, located at 569 West Main Street, Batesville, Arkansas 72501, and that said location requires inmate and pay telephone communication services, and that said communications services are to include all local, *inter*LATA, *intra*LATA, and interstate telephone services. **CTC** shall install, service, and maintain inmate and pay telephone services using methods consistent with sound, generally recognized practices ordinarily associated with the type of work to be performed, to include all existing and future facilities under the management of **INDEPENDENCE**. **CTC** will be responsible for any and all local, long distance, and equipment charges. **CTC** shall remit to **INDEPENDENCE** its portion of the revenues as set out herein below. Parties acknowledge that **CTC** shall be the exclusive provider of such services during the time this agreement is in force and effect.

### B. COMMISSIONS

As to any inmate phone that is located within the Independence County Detention Center whereby service to that phone is being provided by CTC successive of cut-over, revenue shall be deemed commissionable and henceforth payable by **CTC** to **INDEPENDENCE** commencing with the exact point in time in which the first billable or prepaid call has been initiated from that phone; moreover, such revenue shall remain commissionable and payable on any such phone until service to that phone has been reassigned through contractual re-assignment.

**B.1** *RATE* – CTC shall remit to **INDEPENDENCE** **58% (*Fifty-eight Percent*)** of all *Usage Revenue* generated through *Gross Collect* and *Direct Pay* telephone traffic (local, *intra*LATA, *inter*LATA, and interstate) originating from the facility managed by **INDEPENDENCE**, as listed in Section A. *"The Work,"* and processed by **CTC's** call processing system. CTC shall issue to **INDEPENDENCE** a Purchase Discount of **58% (*Fifty-eight Percent*)** on *Prepaid Inmate Calling Cards* at any time such purchase is made by **INDEPENDENCE**. CTC will pay all said commissions on a monthly basis along with a monthly report of all said monies.

**B.2** *REMITTANCE AND ACCEPTANCE* – *Remittance* of commissions shall commence Twenty (20) Days after installation of equipment. Furthermore, CTC shall remit commission payments to **INDEPENDENCE** on a monthly basis on or around the 20th day of each month. Any objection to a commission payment shall be brought to the attention of CTC by way of written notice by **INDEPENDENCE**, and shall be made within 30 days after receiving said commission payment. *Acceptance* of said commission payment shall be final and binding if no objections are brought forth after 30 days after receipt thereof.

*Correctional Communications Services Agreement*  1

**EXHIBIT A**

*CITY TELE COIN COMPANY, INC.*
*4501 Marlena Street * Bossier City, LA * 71111*
*800.682.0707 * citytelecoin.com*

### C. TERMS

The initial term of this agreement shall be for period beginning ___January 9___, 20_12_, with the initial term completed at sixty (60) Months. **CTC** or **INDEPENDENCE**, at its option, has the right to renew or refuse this contract, under the terms and conditions set forth by this contract, by giving certified notice to **INDEPENDENCE** or **CTC**. Any certified notice is to be mailed sixty (60) days prior to termination date of this contract to the address provided herein. This initial contract shall continue in force and renew automatically for additional Twelve (12) Month periods should no action be taken by either party.

### D. ASSIGNMENT

CTC's interest in and to this service agreement may be transferred or assigned, at the discretion of CTC, to any banking or financial institution to provide the financial requirements needed to provide the equipment and services listed in this agreement, or any other legal entity.

### E. EQUIPMENT

CTC agrees to provide for **INDEPENDENCE** adequate equipment with the ability to perform monitoring, recording, and cut off switches.

CTC has the right, and maintains the right, to remove or relocate any telephone equipment, from any location which is the subject of and governed by the terms of this agreement that CTC, in its sole and absolute discretion, determines is not economically profitable. The removal or relocation of the equipment shall not be undertaken until **INDEPENDENCE** is given ten (10) days written notice of CTC's intent to remove said equipment. The removal of equipment under terms herein shall in no way create or constitute a default of the terms of this contract.

CTC agrees that upon removal or relocation of equipment it will restore the site where said equipment was removed from to its original condition. This excludes ordinary wear and tear, any condition(s) resulting from prior material, and any condition(s) resulting from actions of individuals other than employees or agents of CTC.

CTC agrees to install and maintain at least the minimum number of coin-less inmate telephones as needed at the facility and/or as many as requested by **INDEPENDENCE**, subject to industry standards.

### F. OBLIGATIONS OF INDEPENDENCE

**INDEPENDENCE** agrees to undertake and perform the following:

(1) Protect the equipment from abuse and report any damage(s), service problem(s), and/or hazardous condition(s) to **CTC**.
(2) Provide all necessary power and space for proper installation and maintenance of the equipment.
(3) Provide safe and secure access to the equipment by CTC and its employees or agents as needed by CTC.
(4) Allow CTC to affix signs to the equipment, as required by law. Said signs are to be furnished by CTC, and **INDEPENDENCE** will not allow any other signs, equipment or information to be affixed to the equipment or in the immediate area unless mutually agreed to by both parties.

### G. DEFAULT

In the event that:

(a) CTC defaults in payment of any commissions when required to be paid by such party pursuant to this Agreement, and/or

(b) either party hereto defaults in the performance of any obligation to be performed by such party pursuant to this Agreement and any such default continues for more that thirty (30) days after, the other party shall have given written notice to the party in default specifying such default and demanding that the default be remedied, or in the case of any such default which cannot be remedied with thirty (30) days, if defaulting party fails to proceed promptly to remedy any such default after the other party shall have given such notice; or

(c) either party hereto shall make voluntary assignment in bankruptcy or proposal to its creditors or take any similar action; or

*CITY TELE COIN COMPANY, INC.*
*4501 Marlena Street * Bossier City, LA * 71111*
*800.682.0707 * citytelecoin.com*

*G. DEFAULT (Continued from Page 2)*

**(d)** any bankruptcy, reorganization, proposal, insolvency, receivership, or similar proceeding is instituted against either party hereto or involving substantially all of its property (and, in the case of such proceeding instituted against such party and not consented to by such party, such proceeding is not discontinued or dismissed with thirty (30) days from the date of its commencement);

then, in any such event, the other party may, at its sole option, terminate this Agreement by written notice to such party. No failure of either party hereto to enforce any remedy available to it or delay of such party shall be considered to prohibit such party from enforcing any such remedy. The rights and remedies of the parties hereto contained in this Agreement shall not be exclusive but shall be cumulative, in addition to all other rights and remedies existing at law or in equity available to the parties hereto.

### H. GOVERNING LAW

This Agreement and the rights and obligations of **INDEPENDENCE** and **CTC** hereunder shall be subject to and interpreted in accordance with the laws of the State of Arkansas.

### I. NOTICES

Notices or other communications required to be give under this agreement shall be in writing and may be delivered by courier or prepaid certified mail and addressed as follows:

| (A) | Independence County Sheriff's Department | (B) | City Tele Coin Company, Inc. |
|---|---|---|---|
| Attn: | Sheriff Steve Jeffrey | Attn: | Jerry Juneau; President & CEO |
|  | 1750 Myers Street |  | 4501 Marlena Street |
|  | Batesville, Arkansas  72501 |  | Bossier City, LA  71111 |
| Ph: | 870-793-8838 | Ph: | 318-746-1114 or 800-682-0707 |
| Fx: | 870-612-6849 | Fx: | 318-746-1214 |

### J. EQUIPMENT OWNERSHIP

**INDEPENDENCE** acknowledges and agrees that **CTC** shall remain the sole and exclusive owner of all inmate telephone equipment, from the interface to, and including, the telephone.

### K. HOLD HARMLESS

**INDEPENDENCE** agrees to defend, hold harmless, and indemnify **CTC** from any and all damages, of any nature and kind, caused by **INDEPENDENCE**, its agents, employees, or assigns, whether the damage be to the person or property, and shall include but not be limited to attorney fees incurred by **CTC** in defense of a claim for damages caused by **INDEPENDENCE**.

**CTC** agrees to defend, hold harmless, and indemnify **INDEPENDENCE** from any and all damages, of any nature and kind, caused by **CTC**, its agents, employees, or assigns, whether the damage be to person or property, and shall include but not be limited to attorney fees incurred by **INDEPENDENCE** in defense of claim for damages caused by **CTC**.

### L. REPAIR SERVICE

CTC shall provide reasonable response time for repairs Monday through Friday, 9 a.m. to 5 p.m. CTC shall respond within 24 hours after receipt of verbal notice or facsimile notice, as set out herein below, except where it is impossible to restore the service due to acts beyond the control of CTC such as riot, fire, war, flood, parts unavailability, and strike.

| | |
|---|---|
| Verbal notices: | (318) 746-1114 |
| Facsimile notice: | (318) 746-1214 |
| Emergency: | (318) 746-3920 or (318) 747-9208 |
| E-Mail: | jerry@citytelecoin.com |

*CITY TELE COIN COMPANY, INC.*
*4501 Marlena Street * Bossier City, LA * 71111*
*800.682.0707 * citytelecoin.com*

## M. ENTIRE AGREEMENT

This agreement constitutes the entire agreement between the parties and may be modified or amended only by written agreement signed by both parties.

## N. SEVERABILITY

If any term, sentence, paragraph, or provision of this agreement or the application thereof, be deemed invalid or unenforceable, the remaining terms, sentences, paragraphs, and provisions shall not be affected and shall remain valid and enforceable to the maximum extent allowed by law and the terms of this agreement.

THUS DONE AND SIGNED on this 24th day of June, 20 11.

City Tele Coin Company, Inc.

By: _____
      *Signature*

Gerald L. Juneau
*Print Name*

President & CEO
*Title*

Independence County Sheriff's Department

By: _____
      *Signature*

Steve JEFFERY
*Print Name*

Sheriff
*Title*

Independence County, Arkansas

By: _____
      *Signature:*

Robert T. Griffin
*Print Name*

County Judge
*Title*

*CITY TELE COIN COMPANY, INC.*
*4501 Mariena Street \* Bossier City, LA \* 71111*
*800.682.0707 \* citytelecoin.com*

## ATTACHMENT 1

### Technology Bonus

**CTC** shall remit to **INDEPENDENCE**, upon system installation effectuated by both parties herein signing this Correctional Communications Services Agreement, a Technology Bonus in the amount of $7500.00 (Seven Thousand Five Hundred Dollars and Zero Cents) worth of Prepaid Inmate Calling Cards and $7500.00 (Seven Thousand Five Hundred Dollars and Zero Cents) cash.