# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CITY TELE COIN COMPANY, INC.                                                                    PLAINTIFF

v.                                                NO. 4:17CV00172 JLH

KEYSTONE DATA TECHNOLOGIES, LLC                                                     DEFENDANT

## OPINION AND ORDER

City Tele Coin Company, Inc., filed a complaint in March of 2017 against Keystone Data Technologies, LLC. The defendant timely answered and filed a motion to dismiss, which the Court denied. In June of 2018, after being granted leave, City Tele Coin filed an amended complaint. Keystone did not file a responsive pleading within the time allowed by Federal Rule of Civil Procedure 15(a)(3). City Tele Coin moved for a default judgment under Rule 55(b). Keystone responded to that motion after the Court ordered it to do so, and it also filed a very late answer to the amended complaint.

City Tele Coin's brief argues that the Clerk's default should be entered pursuant to Federal Rule of Civil Procedure 55(a). Document #48 at 2. Even though Rule 55(a) provides for the clerk to enter a default, the Court has the authority to determine whether a default should be entered. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2682 (4th ed. 2016). "But the court should exercise discretion in deciding whether or not to enter a default." *Id.*

Similarly, a court must exercise sound discretion in deciding whether to enter a default judgment under Rule 55(b)(2). *Id.* at § 2685; *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). In exercising that discretion, the Court may consider various factors, including whether the party's conduct involved "willful violations of court rules, contumacious conduct, or intentional delays," and whether the conduct was only a "marginal failure to comply

with time requirements." *Ackra Direct Marketing Corp.*, 86 F.3d at 856 (citation omitted). Others include "the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt." Fed. Prac. & Proc. § 2685. The Court may also "consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant." *Id.* Finally, of course, whether the Court would later set aside the default judgment is relevant, "since it would be meaningless to enter the judgment if that decision meant that the court immediately would be required to take up the question of whether it should be set aside." *Id.*

Rule 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Final judgments, orders, or proceedings may be set aside because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). Excusable neglect includes "late filings caused by inadvertence, mistake or carelessness." *Johnson*, 140 F.3d at 784. Whether to excuse conduct "is an equitable determination that 'tak[es] account of all relevant circumstances surrounding the party's omission.'" *Id.* (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1494-95, 123 L. Ed. 2d 74 (1993)).

Here, the issue arises because the defendant failed to file a timely answer to an amended complaint. The defendant did, however, file an answer to the original complaint. The amended complaint and the initial complaint do not differ a great deal. The theories of relief remain the same, i.e., tortious interference with contractual relations and conversion. The principal change in the amended complaint is the addition of paragraph 45, which alleges reasons for the proposition that

the interference with the contract was improper. The defendant in its answer to the initial complaint denied that the interference was improper. Thus, the plaintiff has been aware from early in the case that the defendant denies the allegations of tortious interference with a contract and conversion and aware that the defendant specifically denies that any interference with the contract was improper.

The Court is aware that defense counsel has had significant health issues over the past few years. Although those health issues do not absolve counsel from compliance with his obligations under the Rules of Professional Conduct,[1] they can be considered in determining whether the failure to answer was willful, contumacious, or intentional. Defense counsel reported in a telephone hearing that he had not been able to keep up with his work, that he did not see the email in which the amended complaint came, and that he has been trying to reduce his workload due to his difficulties. Under these circumstances, the Court does not believe that the failure to file a timely answer was willful, contumacious, or intentional. Nor does the Court see any reason to believe that the defendant has been prejudiced by the delay in filing a timely answer. Entering a default judgment on these facts would be an unduly harsh punishment of the defendant.

The motion for default judgment is therefore DENIED. Document #47.

IT IS SO ORDERED this 31st day of October, 2018.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] *See* Ark. R. of Prof. Conduct 1.3. If defense counsel is unable to act with reasonable diligence and promptness in representing the defendant in this case, he needs to inform his client of that fact and withdraw in favor of someone who can do so.